(1) The assignment is:
(A) in writing;
(B) signed by the employee personally;
(C) by its terms revocable at any time by the employee upon written notice to the employer; and
(D) agreed to in writing by the employer.
(2) An executed copy of the assignment is delivered to the employer within ten (10) days after its execution.
(3) The assignment is made for a purpose described in subsection (b).
I.C. § 22-2-6-2(a). Tyler did not sign a document agreeing to the deduction of money from his wages for accepting the counterfeit $100 dollar bill. (Filing No. 70-1 at 1.) Jack's has not disputed that it violated the IWCA, but requests that it be allowed to preserve and not waive a good faith defense regarding Tyler's requested entitlement to 200% in liquidated damages. (Filing No. 74 at 22.) ("To the extent the Court finds that Plaintiff can establish a prima facie case as to his wrongful deduction claim or unpaid wage claim, Jack's preserves and does not waive its good faith defense.") As such, the $60.00 owed to Tyler is not disputed, and summary judgment is granted . Moreover, regarding liquidated damages, the IWCA provides:
Every such person, firm, corporation, limited liability company, or association who shall fail to make payment of wages to any such employee as provided in section 1 of this chapter shall be liable to the employee for the amount of unpaid wages, and the amount may be recovered in any court having jurisdiction of a suit to recover the amount due to the employee. The court shall order as costs in the case a reasonable fee for the plaintiff's attorney and court costs. In addition, if the court in any such suit determines that the person, firm, corporation, limited liability company, or association that failed to pay the employee as provided in section 1 of this chapter was not acting in good faith, the court *851 shall order, as liquidated damages for the failure to pay wages, that the employee be paid an amount equal to two (2) times the amount of wages due the employee.
I.C. § 22-2-5-2. Citing Naugle v. Beech Grove City Schools , Tyler contends that liquidated damages are mandatory once a violation is established. 864 N.E.2d 1058, 1065-66 (Ind. 2007). Jack's correctly notes that a good faith exception was added to the statute in 2015, and the Indiana Court of Appeals has held that there is no bar to the exception applying retroactively. See Brown v. Bucher & Christian Consulting, Inc., 87 N.E.3d 22, 26-27 (Ind. Ct. App. 2017). Although Jack's cites the correct (updated) version of the law regarding the good faith defense, Jack's does not provide its good faith defense leaving that for another day. (Filing No. 74 at 23.) ("Thus, Jack's preserves and does not waive the good faith defense in the event of a finding of liability for Plaintiff's claims under the Indiana Wage Claims Act.") The Court agrees with Tyler that Jack's had a duty to put on evidence, at this stage, of its alleged good faith defense as the party opposing summary judgment. (Filing No. 80 at 15.) Thus, the Court has no choice but to find that Jack's did not act in good faith in violating the IWCA when Jack's illegally deducted $60.00 from Tyler's wages. See Thacker v. Halter Vegetation Mgmt., Inc., No. 2:13-CV-00378-JMS, 2015 WL 417713, at *4 (S.D. Ind. Jan. 30, 2015) (awarding double liquidated damages where defendant conceded to violating IWCA statute by illegally deducting wages). Accordingly, Tyler is also entitled to $120.00 liquidated damages on this count.
IV. CONCLUSION
As discussed above, the Court GRANTS in part and DENIES in part Jack's Motion for Partial Summary Judgment (Filing No. 62), and GRANTS in part and DENIES in part Tyler's Cross-Motion for Partial Summary Judgment (Filing No. 70). Both motions are DENIED as to Count II, Failure to Pay Minimum Wage. Jack's Motion is GRANTED as to Failure to Pay All Hours Worked. Tyler's Motion is GRANTED as to Illegal Deduction in violation of IWCA. Tyler is entitled to the $60.00 that was illegally deducted from his wages, and $120.00 in liquidated damages. No partial judgment shall issue. This matter will proceed to trial on the Failure to Pay Minimum Wage claim.
SO ORDERED.